UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNTONIO RICHARD** | **CASE NO. 3:20-CV-00975** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NIDEC MINSTER CORP** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

On March 9, 2021, Plaintiff's counsel filed a motion to withdraw from the above-captioned matter. [doc. # 23]. On March 10, 2021, the court granted the motion and ordered Plaintiff, within 30 days, either to enroll new counsel, or to notify the court, in writing, that they intended to proceed *pro se*. [doc. # 26]. The foregoing deadline has lapsed with no response from Plaintiff.

Accordingly, on April 13, 2021, the court ordered Plaintiff to show cause on or before April 27, 2021, why his complaint should not be DISMISSED for failure to comply with an order of this court. [doc. # 27]. The court cautioned Plaintiff that his continued failure to respond to court orders could result in the dismissal of his suit for failure to prosecute. [doc. # 27]. The latest deadline has passed, without any further submission or response from Plaintiff.

## Law and Analysis

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for the plaintiff's failure to prosecute. FED. R. CIV. P. 41(b); *Manning v. Cheramie Bros. Bo Truc*, 247 Fed. App'x 565, 566 (5th Cir. 2007)(citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988)). The district court may dismiss an action for failure to prosecute on its own initiative, without any motion from the opposing party. *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630-31 (1962); *Manning*, 247 Fed. App'x at 566 (citing *McCullough*, 835 F.2d at 1127). The district court's "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in its calendar. *McCullough,* 835 F.2d at 1127.

Dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). The Fifth Circuit generally requires the presence of "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id*. (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986)).

Upon consideration, the court finds that this matter is subject to dismissal for failure to prosecute and heed orders of the court. FED. R. CIV. P. 41(b). The court also finds that the requirements for dismissal with prejudice are satisfied in this case. Plaintiff has ignored two court orders and is not actively pursuing this case.[1] Accordingly, no lesser sanction better serves the interest of justice. Further, Plaintiff's failure to respond to court orders reflects his own "stubborn resistance to authority"[2] that is personally attributable to him as a litigant unrepresented by counsel.[3]

---

[1] If Plaintiff disputes this inference, he may so demonstrate in his objection to this report and recommendation.

[2] *See Millan,* 546 F.3d at 325.

[3] While the court is aware that Plaintiff is not represented by counsel, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and

**Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 29th day of April, 2021.

_____
Kayla D. McClusky
United States Magistrate Judge

---

substantive law." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).